UNION COAL COMPANY *et al.*, Plaintiffs-Appellants, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

Third District   No. 75-387

Opinion filed May 12, 1976.

Perona and Perona, of Spring Valley (Thomas A. Tonozzi, of counsel), for appellants.

William J. Scott, Attorney General, of Chicago (Imelda Terrazino, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The circuit court of Bureau County was requested to review an administrative decision rendered by the Illinois Department of Revenue. The administrative decision denied the claim of petitioner-appellant, Union Coal Company, for credit under the Illinois Use Tax Act, and the circuit court affirmed this decision.

Union Coal Company sold fuel oil to Ladd Construction Company, a road contractor. Ladd Construction Company used the fuel oil in their manufacture of blacktop that was ultimately delivered to job sites where the blacktop became part of Illinois highway projects.

The blacktop was delivered by Ladd Construction in a heated state, in accordance with the Standard Specifications for Road and Bridge Construction established by the Illinois Department of Transportation. These specifications require that the aggregate be dried at a temperature of between 250 and 350 degrees before the aggregate becomes a component of the blacktop. These specifications also require that the blacktop in its final form be delivered to the job site at a temperature of between 250 and 350 degrees. The fuel oil was burned to produce the heat necessary to dry the aggregate and to heat the final product.

An audit was made of the records of Union Coal Company in July 1973, and Union Coal Company was assessed a tax totaling $2,215.35 for the fuel oil used by Ladd Construction to heat blacktop.

The only issue presented on this appeal is the appellant's contention that the transaction was one which contemplated resale by the purchaser and hence no tax was due. (Ill. Rev. Stat. 1973, ch. 120, par. 439.2.) There is no dispute concerning the basic operative facts. Fuel oil was sold by the petitioner to the construction company and was used to heat the asphalt and aggregate in order that the material could be delivered to and used in connection with a road project. All of the fuel oil was consumed in the heating process and no part of the fuel oil as such was mixed with the asphalt aggregate mixture.

■■ It is petitioner's contention that the fuel oil in effect became a part of the heated asphalt aggregate material and therefore was a part of the tangible property sold by the construction company. We do not agree.

Both parties have relied on two cases, *Granite City Steel Co. v. Department of Revenue*, 30 Ill. 2d 552, 198 N.E.2d 507, and *Farrand Coal Co. v. Halpin*, 10 Ill. 2d 507, 140 N.E.2d 698. We have examined each of the foregoing cases and conclude they each support the position of the Department and the judgment of the circuit court.

■■ In the *Farrand* case the court held an electric utility company does not sell tangible personal property when it sells electricity or electrical energy. Coal sold to the utility was sold for use and consumption and not

resale. Consequently, the sale of coal to the utility was an appropriate measure of the Use Tax to be imposed upon the coal seller.

The opinion in the *Granite City Steel* case is even more relevant to the issue presented by this case. In that case the court held that coal or coke sold to the steel company used for heating as distinguished from that portion of the coal or coke either incorporated into the iron or sold as a byproduct was subject to the Use Tax. The court in *Granite City Steel* rejected both the claim that heat became an ingredient of the processed property and also the claim that if any part of the coal or coke became a part of the resalable products then the whole sale should be considered of the same character.

We believe it is clear from the foregoing cases that the fuel oil was used and consumed. It did not become an ingredient of the asphalt aggregate mixture and hence was not resold.

Finding no error in the judgment of the circuit court of Bureau County the judgment is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.